IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN PROPER,<br>　　　　Plaintiff<br><br>　　vs.<br><br>CRAWFORD COUNTY CORRECTIONAL<br>FACILITY, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)　　C.A. No. 06-306 Erie<br>)　　District Judge McLaughlin<br>)　　Magistrate Judge Baxter<br>)<br>)<br>) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d).

**II.　　REPORT**

Plaintiff Dean Proper, presently incarcerated at the Lake Erie Correctional Institution in Conneaut, Ohio, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Named as Defendants are the Crawford County Correctional Facility ("Crawford"); Lt. Denman, a corrections officer at Crawford ("Denman"); and Mark Stevens, Esquire ("Stevens"). Plaintiff alleges that the Defendants violated his "right to hearing" and his right to "make statements" under the fifth and fourteenth amendments to the United States Constitution. (Complaint at Section III).

In particular, Plaintiff alleges that he was assaulted at Crawford by another inmate, named Justin Smith ("Smith"), on November 24, 2004. (Complaint at p. 3). Smith was charged with assault by the Pennsylvania State Police, and a preliminary hearing on the charge was held before District Justice Lincoln Zilhaver, which was attended by Plaintiff. (Id.). Defendant Stevens represented Smith at the hearing. Plaintiff alleges that he intended to testify against Smith at the hearing and, before the hearing began, asked Defendant Stevens if he could have his own attorney present. (Id.). Defendant Stevens then conferred with the state trooper who

1

charged Smith, after which the state trooper escorted Plaintiff from the hearing, allegedly stating "come on, I don't need you to prove this case." (Id.).

After returning to Crawford, Plaintiff kept asking what happened at the hearing, but received no response. (Id.). As a result, Plaintiff wrote a letter to District Justice Zilhaver asking about the result of the hearing. District Justice Zilhaver responded by sending Plaintiff a carbon copy of a letter from the District Justice to the Crawford County District Attorney, dated January 27, 2005, in which the District Justice stated that he was "under the understanding that the witness [the Plaintiff] was not willing to testify." (Complaint, Exhibit 1). Plaintiff alleges that this was a lie perpetrated by Defendant Denman, which resulted in dismissal of the charge against Smith; however, the Crawford County District Attorney subsequently re-opened its case against Smith, and Smith ultimately pleaded guilty to the charge. (Complaint at pp. 3-4). Plaintiff alleges that the sentence Smith received was concurrent, not consecutive as Plaintiff requested in a victim statement he submitted to be read at Smith's hearing. As a result, Plaintiff "doubt[s] [his] victim statements ever got read at [Smith's] sentencing. (Complaint at p. 4). Plaintiff also claims that photographs of his bloody mouth and missing teeth, which he allegedly suffered as a result of Smith's assault, "came up missing," along with "evidence of a note written by [Smith] telling other witnesses not to testify." (Id.). Consequently, Plaintiff claims that the Defendants attempted to "cover up" the assault (Complaint at pp. 3, 5).

As relief, Plaintiff requests compensatory and punitive damages. (See Complaint at Section VI).

Plaintiff filed a motion to proceed *in forma pauperis* on January 10, 2007, which was granted by this Court by Order dated February 20, 2007..

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2)

contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989) the U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statue not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

Succinctly stated, Plaintiff claims that Defendants conspired to keep him from testifying against Smith at Smith's preliminary hearing, and conspired to "lose" evidence against Smith in

3

an effort to cover up the assault against Plaintiff. None of these claims rise to the level of a constitutional violation. Certainly, these claims fail to establish due process violations, since Plaintiff was not the individual charged with the assault offense at issue and, thus, was not entitled to receive due process.

### III.     CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S. Magistrate Judge

Dated: June 19, 2007

cc:     The Honorable Sean J. McLaughlin  
        United States District Judge